# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL FERNANDO CASTRO-MURILLO,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden of Imperial Regional Detention Facility, et. al.<br><br>                              Respondents. | Case No.:  26-cv-4130-BJC-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 17, 2026, Petitioner Angel Fernando Castro-Murillo, a citizen of Honduras, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  He asserts he entered the United States in 2008 without inspection, and he applied for asylum. ECF No. 1 ¶¶ 26, 27.  He further asserts he complied with all United States Citizenship and Immigration Services' requirements and received authorization to work while his asylum application was pending.  *Id.*  ¶¶ 28, 29  On March 31, 2026, he was arrested and taken into custody by Immigration and Customs Enforcement during a traffic stop in Florida.  *Id.* ¶ 31.  He was transferred to the Imperial Regional Detention Facility where he remains.  *Id.* ¶ 32.  Petitioner argues Respondents violated his due process rights by denying him notice, denying him an individualized determination, or identifying a change in circumstances.  *Id.*

26-cv-4130-BJC-MMP

¶¶ 51-54.  He further argues Respondents violated applicable immigration laws and the Administrative Procedures Act by detaining him without identifying any changed circumstances or an individualized justification.  *Id*. ¶¶ 55-62.  In the return, Respondents "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases," and they do not oppose an order directing a bond hearing under  § 1226(a).  ECF No. 4.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2).[1]  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions and shall return his documents and personal belongings upon release.

///

///

///

///

///

///

///

---

[1] Generally, "release on recognizance" during immigration proceedings is "conditional parole."  *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

26-cv-4130-BJC-MMP

Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  July 30, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-4130-BJC-MMP